By the Court.—Sedgwick, Ch. J.
—The complaint set out the by-law under which the certificate in question was made, in the following words : “that any member might by written notice to the board of management designate to whom the sum due at the time of his death shall be paid.” So far as the meaning of these words must be considered in *250 view of the general intent of the statutes, and the peculiarities of the case it was meant for, I am of opinion that the by-law means a designation from time to time, and the power of designation is not exhausted by one designation. To hold that it would, would be contrary to the exigencies of the most of the clerks. Say, for instance, as in this case, a young man becomes a member, shall he wait until he is about to die before he makes the only designation he is entitled to, or is he right in saying,- I may die soon, .and so I name the person that I think the right one now ; but I may marry and have children, and then it will be right to name them.
To me it is manifest that the certificate in question is not legally operative as a contract between the plaintiff and defendant. It has as one of its terms, implied if not expressed, the by-law that has been referred to. "The defendant had no power to make any other contract than such as would be justified by the charter and by-laws. Such a contract would express the obligation of the defendant to the member to pay to the appointee as appointee. The present certificate is no further valid, than it. embodies evidence that the plaintiff was the appointee. The rights of the plaintiff are not greater than they would be if she never had had the certificate, but depended solely upon the fact that she had been designated to the bond. It is not a negotiable instrument, or mercantile obligation. No consideration is implied. There is no estoppel. The plaintiff did not pay value for it. Granting that the member has the power to make an appointment that shall be irrevocable between him and the appointee, e. g., because of some consideration paid, there is no presumption that such an arrangement was made in this case. As against a subsequent appointee, the burden of proof would be on a prior appointee.
For these reasons, I am of opinion that on the case as made, the defendants were not bound to pay the amount of the certificate to the plaintiff, and that defendants’ exception should be sustained, the verdict set aside and a new trial ordered.
Truax, J., concurred.